McKinney, J.,
delivered the opinion of the Court.
This was an action of debt, founded upon an implied warranty of title to a slave, brought in the Circuit Court of Bedford, on the 14th day of May, 1856. The main question to be determined is, whether or not the action is barred by the statute of limitations of six years.
On the 15th of January, 1850, the defendant and his wife sold and conveyed to plaintiff, by a bill of sale under sea.1, a negro man named Tom, for the consideration of $800.00. And therein warranted the slave to be sound, and a slave for life; but made no warranty of title. The defendant, it is admitted, was in possession of the slave at the time of the sale, and delivered him to the plaintiff.
On the 11th of February, 1850, less than a month after *508 the sale, one Sarah Burdett, to whom the slave really belonged, as it seems, instituted an action of replevin against the plaintiff for his recovery. And on the same day on which the suit was commenced, the slave was taken by the sheriff, under the writ of replevin, and delivered to Mrs. Burdett, whose title was established by the verdict and judgment in the case on the final trial. Owing to the absence of the defendant beyond the limits of this State, the present suit was not sooner commenced, as it is alleged.
The jury were instructed, that notwithstanding the bill of sale was silent as to the title, an action might be maintained on an implied warranty of title; and that if the title to the slave was in another person at the time of the sale, the implied warranty was broken at the instant it was made, and the plaintiff would then have a right of action, against which the statute of limitations would begin to operate.
As regards the sale of personal property, the settled rule is, that if one sells goods or chattels as owner, being clothed with visible ownership or possession at the time of the sale, he impliedly undertakes and promises, though nothing be stipulated or said upon the subject, that the goods or chattels are his property, and that he has a lawful right to make the sale and transfer he proposes to make; and if he were not the owner at the time of the sale, and the property was in a third person, who subsequently claims and deprives the purchaser of it, the seller will be responsible in damages for the breach of such implied undertaking. Addison on Con., 268-55.
This principle does not apply where the seller is not *509 in possession of the property at the time of the sale, nor where the person does not sell as owner of the property; but in some special character or capacity, and this is known to the purchaser. In such case, the purchaser is bound to look into the title of his vendor. Id.
And it is clear, that although the terms of a written contract, though it be under seal, do not in themselves, contain or import any express covenant as to the title, yet the law, in order to give a proper force and effect to the contract, and to discourage dishonesty and bad faith, will create and supply as a necessary result and consequence of the contract, certain covenants and obligations, which will bind the parties as effectually as if they had been expressed in the strongest and most explicit terms. Id., 49.
This doctrine is not at variance with any established principle of the law. It is not adding a new term to the agreement of the parties, in the sense of the law; nor is it any infringement of the principle that parol evidence is. inadmissible to enlarge or vary the written agreement of the parties, because such implied covenant is regarded as an inherent term of the contract, not necessary to be expressed, and having the same force as if stated in terms.
But it is' argued, that the Court erred in _ laying down the rule, that if the property were not in the seller at the time of the contract, the implied covenant of warranty was broken when made, and the plaintiff would have an immediate right cf action thereon.
The possession of the slave having been transferred to the purchaser at the time of the contract, it would *510 seem to be competent for Mm, on ascertaining the fact that the title was in a third person, to repudiate the contract, and return, or offer to return, the property to the seller; and thereupon, without waiting to be dispossessed by the paramount title, to institute his action for the breach of the implied warranty. The implied stipulation, resulting from the contract, that the property was in the seller, and that he had a lawful right to make the sale and transfer thereof, which he assumed to make to the purchaser, is undoubtedly false, and in view of the law, is broken the instant it is made, if the title were in a third person. And upon the possession being lost, or, upon a voluntary offer to restore it to the seller, in disaffirmance of the fraudulent contract, the purchaser has an immediate and perfect right of action. And at that instant the statute of limitations will attach, and begin to operate against the right of action of the purchaser.
In the present case, the defendant having no title to the slave, the loss of possession by the seizure of the sheriff on the writ oí replevin, was sufficient to entitle the plaintiff to maintain his action. The right to sue then accrued, and was perfect; and from that point of time, the statute commenced to operate. If a good title had been communicated to the plaintiff by the sale, of course a wrongful dispossession, by the act of a third person, would have furnished no ground of action against the defendant. As a period of more than six years elapsed, from the seizure of the slave by the sheriff, before the commencement of this suit, it follows that the plaintiff ’’s action is barred.
In this view of the case, it does not become neces *511 sary to consider the objection taken to the form of the action. It may be observed, however, that the bringing of an action of debt was, to. say the least of it, a very liberal application of the principle announced in the case of Thompson v. French, 10 Yer., 452.
But, as that point is not necessary to the determination of the case, and the action fails on the ' other ground, we express no authoritative opinion upon the question.
Judgment affirmed.